Fremont-Smith, J.
1. After hearing, the motion for correction and clarification of this Court’s “Memorandum of Decision and Order on Cross-Motions for Summary Judgment” dated January 19, 1994 [1 Mass. L. Rptr. No. 21, 492 (February 14, 1994)], is denied, except that all references in the Court’s Memorandum of Decision to “underground storage tanks” or to said “storage tanks” are revised to read “storage tanks or other sources of contamination,” and footnote 2 in said Memorandum is revised to identify the “contaminated properties” as 200, 300, 500 and 600 West Cummings Park; 21 and 25 Olympia Avenue; and 2-36, 38-72 and 74-124 Cummings Park, and is revised to identify the other Cummings properties as “uncontaminated.”
2. Plaintiffs also question the correctness of the Court’s January 19, 1994 “Memorandum” by arguing that defendants failed to satisfy their burden, in support of the statute of limitations defense, to prove that contamination from defendants’ properties had actually reached and caused injury to all of plaintiffs’ “contaminated properties” prior to April 18, 1985 (the statute of limitations “cut-off date”). It is undisputed, however, that Cummings’s contaminated properties are all located down-gradient from the defendants’ properties (which were found by the EPA to be the source of the public well contamination and are alleged by plaintiffs to be the source of plaintiffs’ contamination) and that Cummings’s properties are located in between defendants’ contaminated properties and the more southerly and down-gradient public water wells which were determined to be contaminated as long ago as 1979. If defendants’ properties were the source of the contamination to plaintiffs’ properties, as plaintiffs allege, it is impossible to conceive of any way that the contamination could have reached plaintiffs’ properties after it was discovered in the public drinking wells located further away from the source. Nor did plaintiffs provide any sworn testimony or other evidence, from experts or from anyone else, that this could have somehow occurred. It was also undisputed that there is no evidence of any new spills or releases of contaminants on defendants’ properties after April 1985 which could have caused new injury to plaintiffs. Accordingly, defendants have sustained their burden of proof, on the undisputed facts before *608 the Court on summary judgment, that if contamination from defendants’ properties was the source of the contamination on plaintiffs’ properties, it had reached plaintiffs’ properties and caused injury to plaintiffs before the April 1985 cut-off date.
3. Therefore, except as stated in paragraph 1 above, plaintiffs’ motion is DENIED.